

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| CASE NUMBER | 11 C 9033 | DATE | 2-15-12 |
| CASE TITLE | Michael A. Buford (B-01500) vs. Mary Kay, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to make deductions from Plaintiff's account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the East Moline Correctional Center. The complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. Plaintiff is advised that he has accumulated at least three strikes under 28 U.S.C. § 1915(g), and he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999) when filing any future actions. Plaintiff's motion for appointment of counsel [#4] and any other pending motions are denied as moot. Civil case terminated.

■ [ For further details see text below.]                                   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Michael A. Buford, presently an inmate at the East Moline Correctional Center, has brought suit pursuant to 42 U.S.C. § 1983 against Mary Kay Cosmetics and Robin Brussard, one of its consultants. Pending before the Court are Plaintiff's motions for leave to proceed *in forma pauperis* and for appointment of counsel.

Plaintiff's motion for leave to proceed *in forma pauperis* shows that he is unable to prepay the filing fee. His motion is thus granted and, pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $8.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain responsible for this filing fee, and East Moline officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

Turning to Plaintiff's allegations, the Court is required to dismiss a complaint if it fails to present a claim upon which this Court can grant relief. 28 U.S.C. § 1915(e)(1) and § 1915A. Even assuming that Plaintiff's allegations are true and construing his complaint liberally, *see Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), the complaint presents no claim upon which this Court may grant relief and must be dismissed.

| STATEMENT |
|---|

Plaintiff alleges that Mary Kay Cosmetics and one of its consultants, Robin Brussard, impermissibly overcharged Plaintiff's credit card and stole money from him in 2010 and 2011. Such allegations, though unfortunate if true, fail to state a claim upon which this Court can grant relief. To state a § 1983 claim, a plaintiff must sufficiently allege that: (1) a person acting under color of state law, i.e., a state actor (2) deprived him of a right, privilege, or immunity secured by the United States Constitution or laws. *Jackson v. Indian Prairie School Dist.*, 204 653 F.3d 647, 653 (7th Cir. 2011); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). Neither Mary Kay Cosmetics nor Robin Brussard are state actors. Nor does Plaintiff allege that either Defendant violated a constitutional or federal right. There is likewise no basis for jurisdiction under the federal diversity statute, given that Plaintiff and the Defendants are all located in Illinois and the case does not allege at least $75,000 in controversy. *See* 28 U.S.C. § 1332(a). Nor do any of Plaintiff's allegations s provide a ground for federal subject matter jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff's allegations may support a state-law claim of conversion, but they simply do not state a claim to support a federal cause of action.

Accordingly, the Court must dismiss this case for failure to state a claim upon which this Court may grant relief. 28 U.S.C. § 1915A and § 1915(e)(2)(B). The dismissal of this counts as another strike under 28 U.S.C. § 1915(g). Plaintiff received at least two strikes before he initiated this suit. *See Buford v. Wood*, No. 04 C 5537 (N.D. Ill. Aug. 30, 2004) (Aspen, J.); *Buford v. Old Country Buffet*, No. 04 C 5538 (N.D. Ill. Sept. 7, 2004) (Guzman, J.). He received another strike after he filed this suit. *Buford v. Bank of America*, No. 11 C 9032 (N.D. Ill. Dec. 29, 2011) (Manning, J.). The strike for the current dismissal will be at least his fourth (he may have additional ones). He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999), when seeking to bring any additional suits or appeals in a federal court.

If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal, *see* Fed. R. App. P. 24(a)(1)(C), and comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999), as explained in the preceding paragraph. If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).